**In re Mary Denise DUFFY, Debtor.**

**Mary Denise DUFFY, Plaintiff,**

v.

**BIG AL'S AUTORAMA, INC., Defendant.**

Bankruptcy No. 95–13190 SBB.
Adv. No. 95–1250 RJB.

United States Bankruptcy Court,
D. Colorado.

Sept. 20, 1995.

Monty G. Hogue, Denver, CO, for plaintiff.

Stephen M. Munsinger, Denver, CO, for defendant.

MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER came on for trial on September 19, 1995, on the Plaintiff's Complaint pursuant to 11 U.S.C. § 362(h).

*Facts*

On September 16, 1994, the Plaintiff purchased a 1985 Toyota Celica automobile from the Defendant for $4,167.86 (including tax). The car had 121209 miles on it and Plaintiff, through cash and trade-in paid $2,259.50 down, and financed the balance of $1,908.36 with the Defendant. Plaintiff was to make 19 biweekly payments of $100.44 each. Plaintiff admits that she defaulted in the payments, and on March 28, 1995, Defendant repossessed the car. Plaintiff testified that

she then called Al Huerta (the principal of Defendant) who told her that if she brought in $300 cash she could have the car back. Plaintiff, on that same date, went to the Defendant and tendered $300.00 cash, but at that time Mr. Huerta refused the tender and demanded the full amount due under the note plus the repossession charges (approximately $1,499.00). He told her she had ten days to come up with the money. At that point, Plaintiff retrieved her personal belongings and license plates from the car and left the Defendant's premises.

On April 5, 1995, the Plaintiff filed her Chapter 13 bankruptcy petition. Shortly thereafter, on approximately April 7, 1995, Plaintiff's counsel notified the Defendant of the bankruptcy and demanded return of the vehicle. When that was unsuccessful, the Plaintiff filed the instant adversary complaint and a Motion for Temporary Restraining Order on April 11, 1995. The Court granted that Motion on April 12, 1995, and set a hearing for a hearing on a preliminary injunction for April 18, 1995. Mr. Huerta appeared at that hearing and declared that he had already re-sold the car *prior* to the bankruptcy filing. Nevertheless, the Court ordered that the temporary restraining order was converted to a preliminary injunction and ordered that the Defendant file an answer by April 28, 1995. That injunction provided as follows:

> ... that until further Order of this Court, the Defendant and each of them and all agents, servants, employees and attorneys of the Defendant, and all persons acting under the control and direction of the Defendant are enjoined from selling or otherwise disposing of the Plaintiff's property, a 1985 Toyota Celica.

A *pro se* "Answer" was filed on April 28, 1995. On May 2, 1995, the Court *sua sponte* ordered that the document filed did not suffice as an Answer and ordered that the Defendant was in default. On May 5, 1995, through counsel, Defendant filed a Motion to set aside the default and an Answer. On May 8, 1995, the Court set aside the default.

The evidence showed that on April 1, 1995, the Defendant sold the subject vehicle to third parties for $2,777.50. That sale was accomplished by way of a purchase contract. The testimony of Mr. Huerta was that, as per his usual custom, he issued a temporary license certificate to the new buyers, and that the paperwork concerning the transfer of title was prepared later. He further stated that somewhere between 30 and 45 days after the sale, the paperwork was submitted by the Defendant to the Colorado Department of Revenue for the issuance of a new title in the name of the new buyers. That new title was issued May 16, 1995.

## Opinion

The initial issue presented is whether, under these facts, the Plaintiff/Debtor had any interest in the vehicle on April 5, 1995, upon which the automatic stay provided for by 11 U.S.C. § 362 could operate. Prior to that date the car was titled in her name, although that title was subject to the Defendant's lien. Plaintiff argues that because "title" had not been transferred to the new buyers by the time she filed bankruptcy, then she still retained at least bare title on April 5, 1995, and that, therefore, § 362 was operative to stay any further action on the part of Defendant to "conclude" the sale to the new buyers. Plaintiff cites the case of *Guy Martin Buick, Inc. v. The Colorado Springs National Bank,* 184 Colo. 166, 519 P.2d 354 (1974), for the proposition that "... no purchaser shall acquire any right, title, or interest in and to a motor vehicle purchased by him unless and until he obtains from the transferor the certificate of title thereto...." C.R.S. 42–6–109. In that case the Court determined that there was indeed a transfer of title from the seller to the buyer via the bank as agent for the buyer. However, notwithstanding that language in the statute, the Colorado Courts have also held that non-delivery of the certificate of title does not prevent change of ownership as between the parties to the transaction. *United Fire and Casualty Co. v. Perez,* 161 Colo. 31, 419 P.2d 663 (1966); and *Waggoner v. Wilson,* 31 Colo.App. 518, 507 P.2d 482 (1972).

The Plaintiff also argues that because Defendant did not comply with the notice requirements of C.R.S. § 4–9–504, somehow Plaintiff's rights in the vehicle were not af-

fected. However, C.R.S. § 4–9–504(4) provides as follows:

> When collateral is disposed of by a secured party after default, the disposition transfers to a purchaser for value all of the debtor's rights therein, discharges the security interest under which it is made and any security interest or lien subordinate thereto. The purchaser takes free of all such rights and interests *even though the secured party fails to comply with the requirements of part 5 of this article or of any judicial proceedings* ... [Emphasis added].

Thus, as between the Defendant here and the new buyers, the new buyers took all of the Plaintiff's rights in the car even if the Defendant failed to comply with C.R.S. § 4–9–504.

Since the new buyers obtained all the previous rights of the Plaintiff in the vehicle on April 1, 1995, there was no property subject to the automatic stay provided for in 11 U.S.C. § 362, and therefore, there could be no violation of the automatic stay.

This does not mean that Plaintiff is totally without remedy if Defendant did not comply with state law regarding the repossession and sale of the vehicle, e.g., failing to issue proper notice of the sale or failing to account for any surplus proceeds of the re-sale, etc. However, those remedies are not being sought herein. It is, therefore,

ORDERED that judgment of dismissal shall enter in favor of the Defendant and against the Plaintiff, each party to bear its own costs.